**SO ORDERED.**

**SIGNED March 06, 2006.**



_____
**HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO: 05-30791** |
|     CECIL UPTIGROVE | |
|     PAMELA WILSON UPTIGROVE | |
|         (Debtors) | |
| **LUCY G. SIKES, TRUSTEE** | |
|     (Plaintiff) | |
| **VERSUS** | **ADVERSARY NO. 05-3032** |
| **FORD MOTOR CREDIT COMPANY** | |
|     (Defendant) | |

### REASONS FOR DECISION

This matter comes before the Court on the Motion for Summary Judgment filed by Lucy G. Sikes, Chapter 7, Trustee, against Ford Motor Credit, Defendant. This Court has jurisdiction pursuant to 28 U.S.C. §157(b)(2)(A), (F), (K) and (O) and by reference from the District Court pursuant to Local Bankruptcy Rule 9029-3, incorporating Uniform District Court Rule 83.4. This

Court makes the following findings of fact and conclusions of law pursuant to F.R.B.P. 7052. Pursuant to these reasons, the Motion for Summary Judgment is Denied and the Complaint is Dismissed as Moot.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Cecil and Pamela Wilson UptiGrove filed a voluntary petition under Chapter 7 on April 5, 2005. Lucy G. Sikes was appointed Chapter 7 Trustee. In that capacity, she filed the instant complaint against Ford Motor Credit Company (Ford), alleging that its liens on two vehicles in the debtors' estate were preferential and avoidable under 11 U.S.C. §547. On January 9, 2006, Ms. Sikes filed a Motion for Summary Judgment accompanied by a Memorandum in Support of the Motion (Docs. 20 & 21). Ford responded to the Motion by filing a Statement of Material Facts as to Which There Exists a Genuine Issue to Be Tried (Doc. 24), and a Memorandum in Opposition (Doc. 25). A hearing was held on February 1, 2006, at which time the plaintiff was allowed additional time to file a statement of material facts and for both parties to file supplemental briefs. Plaintiff filed her statement of Uncontested Material Facts and a Supplemental Memorandum on February 15, 2006. [Docs. 28 & 29.] On February 28, 2006, Ford filed a Response, in which it asserted solely that the case would be converted to a case under Chapter 13. [Doc. 31.] Counsel for Ford further asserted therein that conversion of the case would make the complaint moot and would remove the issue from the administration of the Chapter 7 Trustee. Further, counsel for Ford reported that the Chapter 7 Trustee concurred that the matter would be moot upon conversion.

On February 28, 2006, the case was converted to one under Chapter 13 on Motion of Counsel to the Debtors and the Order of Conversion was entered on March 1, 2006. Ms. Sikes was removed as Chapter 7 Trustee. Mr. Eugene Hastings, the Standing Chapter 13 Trustee, was appointed.

2

Moreover, on conversion, the case was reassigned to another bankruptcy judge in the Western District of Louisiana.[1]

## CONCLUSION

It appearing that the issues raised in this Adversary Proceeding are, indeed, moot, the Motion for Summary Judgment is Denied and the Complaint is dismissed as Moot. A separate and conforming Order shall enter.

# # #

---

[1] These reasons are not intended to address the issue of the standing of a Debtor or the Chapter 13 Trustee to recover preferences.

3